PLATTEVILLE LEAD & ZINC COMPANY, Respondent, vs. HILL, Appellant.

*January 12—January 30, 1912.*

*Landlord and tenant: Mining lease: Consideration: Title to ores not in lessor: Surface rights: Demurrer.*

In an action to recover moneys paid as royalties under a mining lease, on the ground that the lessor had no title to the ores and plaintiff had been obliged to pay royalties also to the true owner thereof, a demurrer to the complaint, overruled by the trial court on the ground that it appeared from the allegations that the lease was without consideration and void, should have been sustained because the complaint shows that surface rights belonging to the lessor were included in the lease and, for aught that appears, the use of such rights may have been adequate consideration.

APPEAL from an order of the circuit court for Grant county: GEORGE CLEMENTSON, Circuit Judge.    *Reversed.*

Action to recover money paid under a lease.    The complaint alleges, in substance, that on November 8, 1905, plaintiff obtained from defendant a mining lease on a certain de-

scribed parcel of land containing about an acre; that it began
mining operations thereon on and prior to November 8, 1905,
and continued to mine in and upon said land until on and after
July 27, 1906, and extracted large quantities of ore, on which
it paid as royalties to the defendant the total sum of $721.15
in various sums and at various dates; that on April 1, 1909,
plaintiff discovered that the right to the ores was in the heirs
at law of one John H. Rountree, deceased, under a reserva-
tion in a deed duly executed and recorded by said Rountree
in 1855, as follows: "Reserving and withholding all the min-
eral ores and the right to work the same on the said land, not
disturbing the surface thereof;" that said reservation was in-
cluded in a deed of the premises to defendant's father; that
on the 22d day of April, 1909, plaintiff was obliged to pay
the sum of $721.15 to the heirs at law of said Rountree, de-
ceased, so paid to the defendant by mistake and wrongfully
retained by him.   And upon information and belief it al-
leges that the heirs at law of said Rountree are the owners
of said minerals and mining rights in and upon said land,
and that said defendant at all times knew that fact; that it
has demanded a return of the money paid him, but that he
has refused to repay said sum of $721.15 so paid him by mis-
take of this plaintiff and so wrongfully withheld by him, and
that he wrongfully withholds the same and the whole thereof;
and prays for judgment for the sum of $721.15 with interest.
The defendant interposed a general demurrer, and appealed
from an order overruling the same.

For the appellant there was a brief by *Kopp & Brunck-
horst,* and oral argument by *L. A. Brunckhorst.*

For the respondent there was a brief by *Gardner & Gard-
ner,* and the cause was argued orally by *D. J. Gardner* and
*David Gardner, Jr.*

VINJE, J.   The trial court overruled the demurrer on the
ground that it appeared upon the face of the complaint that

there was no consideration for the lease, and that it was void because both parties contracted with reference to a subject matter that did not exist, namely, the ownership by the defendant of the ores in the ground. Were the case to be disposed of on this theory, several interesting questions would arise for determination. There is no allegation in the complaint that the relation of landlord and tenant has terminated. That being so, can the tenant question the landlord's title? There is no allegation of an eviction by a paramount title. There is no allegation that plaintiff was compelled by a court of competent jurisdiction to pay royalties to the heirs at law of Rountree. There is no allegation of false or fraudulent representations by defendant, and none of a *mutual* mistake. The case of *Bedell v. Wilder,* 65 Vt. 406, 26 Atl. 589, relied upon by the court below, went partly upon the ground that the landlord agreed to repay the rent reserved in a lease of water power if the tenant was obliged to pay it to a third party. He was compelled to do so by a decision of the supreme court of the state, and, as there was no other consideration for the lease than the use of the water power, there was a total failure of consideration, resulting, as the court found, from a mutual mistake of the parties, and the recovery was had upon the ground of mutual mistake, failure of consideration, and the promise to repay.

In the case at bar the complaint shows upon its face that there was some consideration for the lease, for it shows that the surface rights were in defendant and that they were included in the mining lease. The complaint alleges plaintiff began to mine in and *upon* the leased premises and continued to do so until on and *after* July 27, 1906. For aught the complaint informs us, the use of the surface rights may have been an adequate consideration for the lease. It must be deemed so upon demurrer.

*By the Court.*—Order reversed, and cause remanded for further proceedings according to law.